IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUCKSTOP.NET, L.L.C., ) | |
| ) | Case No. CV-05-138-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| SPRINT CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it a motion to reconsider, a motion to stay, and a motion to consolidate. For the reasons expressed below, the Court will deny the first two motions and grant the motion to consolidate.

## 1.     Motion To Reconsider

In an earlier decision, the Court considered a claim of attorney/client privilege for a memo written by Sprint in-house counsel Amy Cline, and copied to Darrel Judkins, a Sprint salesman, who transferred the document to Truckstop. The Court held that the memo was privileged, but that Sprint waived that privilege.

**Memorandum Decision and Order – Page 1**

In making those findings, the Court relied on two independent grounds: (1) Judkins was authorized to waive the privilege and did so, and (2) Sprint did not take prompt action to preserve the confidentiality of the memo.

In its motion to reconsider, Sprint argues that the Court failed to consider *United States v. Chen*, 99 F.3d 1495 (9th Cir. 1996). In that case, corporate employee Jau Hwa turned over corporate documents (containing communications between corporate counsel and outside counsel) to the Government. *Id*. at 1498. The corporation alleged that these documents were "stolen" by Hwa when she left the corporation to set up a competing firm. *Id*.

Sprint reads *Chen* to hold that because Hwa was a non-management employee, she could not have authority to waive the privilege. Under Sprint's interpretation, Hwa's status as a mere employee foreclosed any further inquiry into whether she was actually authorized to waive the privilege. *See Sprint's Brief at p. 9, n. 2*.

Sprint's reading of *Chen* does not square with that decision's finding that "[t]he uncontradicted evidence in the record established that Jau Hwa never was given any authority to waive the attorney-client privilege." *Id*. at 1502. If employee status prohibits waiver in all circumstances – as Sprint argues – why was the Court in *Chen* interested in whether Hwa had been given authority to waive

**Memorandum Decision and Order – Page 2**

the privilege?

The more-persuasive reading of the case law is that even non-management employees can have authority to waive the privilege. The leading case, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985), states that "[t]he power to waive the corporate attorney-client privilege rests with the corporation's management and is *normally* exercised by its officers and directors." (emphasis added). The use of the qualifier "normally" indicates that under some circumstances, waiver may be exercised by non-management employees.

That was the conclusion in *Jonathan Corp. v. Prime Computer, Inc.,* 114 F.R.D. 693 (E.D. Va. 1987), a case relied upon by this Court in its prior decision. That decision relied in part on *Commodity Futures* for its holding. The Court finds that *Jonathan,* although not binding, remains persuasive. The Court found that Judkins was authorized to waive the privilege, and the Court can find no reason to change that analysis.

An independent reason for the Court's ruling was that Sprint did not act aggressively and promptly in seeking return of the document. Nothing new on that issue was submitted by Sprint, and the Court reaffirms that ruling.

For all of these reasons, the motion to reconsider shall be denied.

2.      **Motion To Stay & Motion To Consolidate**

**Memorandum Decision and Order – Page 3**

Truckstop has filed two separate actions growing out of the same transaction. In *Truckstop.net v. Sprint Communications*, (TSN 1) Civil No. 04-561-S-BLW, Truckstop alleges that Sprint Communications breached an agreement to provide internet access points at truck stops. In *Truckstop.net v. Sprint Corporation*, (TSN 2) Civil No. 05-138-S-BLW, Truckstop alleges that the parent of Sprint Communications – Sprint Corporation – tortiously interfered with Truckstop's contract with Sprint Communications by encouraging them to breach their contract with Truckstop.

Sprint Corporation seeks to stay TSN 2 until TSN 1 is resolved. Sprint Corporation argues that since the tortious interference claim hinges on the underlying breach of contract claim, it would be a waste of time to conduct discovery on the tortious interference claim if the breach of contract claim was ultimately unsuccessful. Sprint is also wary of an inconsistent verdict since the breach of contract claim is made in both cases.

Truckstop objects to any stay, arguing that it would unduly prolong this litigation. Truckstop also points out that the same witnesses need to be deposed for both the breach of contract claim and the tortious interference claim. If the stay is granted, and discovery proceeds only as to the breach of contract claim, many witnesses will need to be re-deposed if the tortious interference claim later goes

**Memorandum Decision and Order – Page 4**

forward.

Truckstop requests instead that the two cases be consolidated. This would allow discovery to proceed in both cases at the same time, and would ensure that any verdict on the breach of contract claim would be binding in both cases.

Sprint objects in part on the ground that Truckstop's consolidation motion is an attempt to get around a jury waiver. In TSN 1, the parties entered into a stipulation for a bench trial, relying on a jury waiver provision in the contract at issue. Sprint alleges that Truckstop filed TSN 2 as a separate action – rather than simply amending its complaint in TSN 1 – to get around the jury waiver in TSN 1. Truckstop has requested a jury in TSN 2, and Sprint has filed a motion to strike that demand.

After considering all the pending motions together, the Court finds first that consolidation makes the most sense. Rule 42(a) is satisfied because the cases share a common question of law and fact. The consolidation will also prevent inconsistent verdicts. A stay could cause undue delay, and the Court will therefore deny that motion.

With regard to the jury demand, the Court finds that the consolidation will not affect its ruling on Sprint's motion to strike. Either Truckstop is entitled to a jury for its tortious interference claim, or it is not, and the consolidation will not

**Memorandum Decision and Order – Page 5**

affect that ruling either way.

If Truckstop is not entitled to a jury, the Court can either try the cases sequentially or together, a decision that need not be made now.  If Truckstop is entitled to a jury on its tortious interference claim, the Court will resolve the breach of contract claim and, if necessary, submit the tortious interference claim to a jury.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Stay (Docket No. 31) and the motion for Reconsideration (Docket No. 32) are DENIED.

IT IS FURTHER ORDERED, that the Cross-motion to Consolidate (Docket No. 41) is GRANTED, and that *Truckstop.net v. Sprint Communications*, Civil No. 04-561-S-BLW, be consolidated with *Truckstop.net v. Sprint Corporation*, Civil No. 05-138-S-BLW, for all purposes including discovery and trial, with the

lead case being *Truckstop.net v. Sprint Communications*, Civil No. 04-561-S-BLW.



DATED: **March 30, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 7**